114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis RUBIO, Petitioner-Appellant,
v.
George SMITH, Warden, Respondent-Appellee.
 No. 96-16426.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1997.
Decided May 15, 1997.
 
 1
 Before: NOONAN, O'SCANNLAIN, Circuit Judges, and RHOADES, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Jose Luis Rubio appeals the district court's denial of his habeas petition arising from his state court conviction of first degree murder. In his habeas corpus petition Rubio argues that exclusion of hearsay evidence that another party struck the victim violated his due process rights.
 
 
 4
 On cross-examination Rubio's counsel asked Marcelina Bueno if Elsa Franco had told Bueno that she, Franco, had beat the victim during the murder. The judge sustained a hearsay objection and ruled that in order to qualify as a statement against interest the defendant would have to show that Franco was unavailable to testify. No such showing was made.
 
 
 5
 Rubio argues that the trial court's exclusion of hearsay evidence unless it qualifies under an applicable exception is an error of constitutional magnitude. Rubio's attempt to apply the holding of Chambers v. Mississippi, 410 U.S. 284 (1973), where the application of the state's evidentiary rules rendered defendant's trial fundamentally unfair, does not square with the facts of this case. Rubio made no additional attempt to get Franco's statement before the jury. He did not call Franco to the stand nor establish her unavailability. Had Rubio complied with the state's evidence code, the court would have excluded the question only if Franco was available for direct testimony and cross-examination.
 
 
 6
 Requiring Rubio to put Franco on the stand would not have violated Rubio's right to due process. As the district court states "[t]he right to cross-examination is fundamental to the trial process. If the declarant was in fact 'available' as a witness, the state could have developed the full context of the statement thus establishing its reliability or lack thereof." Direct testimony and cross-examination would have been especially valuable in this case since Franco's statement lacked corroboration. Rubio has no constitutional right to short-circuit California's carefully crafted rules that favor evidence tested in the crucible of cross-examination.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable John S. Rhoades, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3